Filed 7/17/25  P. v. Alcaraz CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>USIEL ALCARAZ,<br><br>    Defendant and Appellant. | G064267<br><br>(Super. Ct. No. 12NF1202)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, David A. Hoffer, Judge. Affirmed.

Avatar Legal and Jason L. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2017, a jury convicted defendant Usiel Alcaraz of premeditated and deliberate attempted murder (Pen. Code, §§ 187, 664), attempted robbery (*id.*, §§ 211, 664), conspiracy to commit robbery (*id.*, §§ 182, subd. (a)(1), 211) and active participation in a criminal street gang (*id.*, § 186.22, subd. (a)).[1] The jury also made gang findings (§ 186.22, subd. (b)) and findings that Alcaraz personally discharged a firearm causing great bodily injury and permanent paralysis (§§ 12022.5, subd. (a), 12022.7, subd. (b), 12022.53, subd. (d)). The trial court sentenced him to an indeterminate term of 32 years to life, plus a consecutive determinate term of 3 years. On appeal, another panel of this court affirmed the judgment against Alcaraz. (*People v. Alcaraz* (Apr. 7, 2020, G057009) [nonpub. opn.].)

In 2023, Alcaraz filed a petition seeking resentencing pursuant to section 1172.6 (Petition). After the trial court appointed counsel for Alcaraz, the parties provided briefing, the court held a hearing, and the court issued an order summarily denying the Petition. Concluding Alcaraz was ineligible for resentencing as a matter of law, the court explained the record of conviction demonstrated he was charged, tried, and convicted as the actual perpetrator of the attempted murder.

Alcaraz timely filed a notice of appeal, and counsel was appointed to represent him. In compliance with *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), counsel filed a brief summarizing the proceedings and facts of the case and advised this court they found no arguable issues in support of the appeal.

This court notified Alcaraz he could file a supplemental brief on his own behalf and advised him his appeal may be dismissed as abandoned if

---

[1] All further statutory references are to the Penal Code.

no such brief were to be filed. He did not file a supplemental brief and the time to file one has passed. We nevertheless exercise our discretion to conduct an independent review of the record. (*Delgadillo, supra*, 14 Cal.5th at p. 232.)

We have independently reviewed the entire record and have found no arguable issues on appeal. Therefore, we affirm the postjudgment order.

DISCUSSION

Senate Bill No. 1437 (2017-2018 Reg. Sess.) was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) It accomplished that purpose by substantively amending sections 188 and 189, and adding what is now section 1172.6. (*People v. Strong* (2022) 13 Cal.5th 698, 707–708.) Persons who believe they are eligible may seek resentencing pursuant to section 1172.6 by filing a petition in the court which sentenced them. (§ 1172.6, subds. (a) & (b)(1); *Strong,* at p. 708.)

As originally enacted, the legislation did not expressly apply to a person convicted of attempted murder. (*People v. Porter* (2022) 73 Cal.App.5th 644, 652.) A subsequent legislative amendment modified the statute's scope. (Stats. 2021, ch. 551.) Relevant here, for persons convicted of attempted murder, relief under section 1172.6 is available only to those convicted under a natural and probable consequences theory. (§ 1172.6, subd. (a); *People v. Coley* (2022) 77 Cal.App.5th 539, 548; see, e.g., *People v. Montes* (2021) 71 Cal.App.5th 1001, 1007 [defendant made prima facie showing of

3

eligibility because record of conviction showed jury was instructed on natural and probable consequences doctrine for attempted murder].)

Alcaraz was tried alongside a codefendant, but Alcaraz was the only one charged with the allegations of personal discharge of a firearm causing great bodily injury, personal use of a firearm, and causing paralysis. The jurors were not instructed with a felony murder instruction, but they were instructed on the natural and probable consequences doctrine. However, all parties argued their case in a way that made clear the natural and probable consequences instruction did not apply to Alcaraz because he was the one who had a gun and shot the victim; his codefendant was the alleged aider and abettor who did not have a gun. Indeed, Alcaraz's entire defense was that he did not act with the requisite intent when he shot the victim to be guilty of attempted murder, as opposed to attempted manslaughter: "There was a shooting, looks like it. Looks like my guy is identified. Why did that gun go off? He got slugged. When he got slugged, did he find a rage or did he think he had to defend himself? An attempted murder, not an attempted murder, an attempted manslaughter." With the jury finding Alcaraz guilty of premediated and deliberate attempted murder, and finding true the enhancements that he personally used and intentionally discharged a firearm causing great bodily injury and paralysis to the victim, Alcaraz was convicted as the actual killer.

The trial court correctly determined Alcaraz is not eligible for relief under section 1172.6. (See *People v. Harden* (2022) 81 Cal.App.5th 45, 59 [section 1172.6 petition properly denied at prima facie stage when "record of conviction conclusively establishes, with no factfinding, weighing of evidence, or credibility determinations, that [defendant] was the actual killer"].) Our independent review of the record confirms counsel's assessment

4

there were no arguable issues to raise on appeal. The court did not err in denying the Petition without further proceedings.

DISPOSITION

The postjudgment order is affirmed.


DELANEY, J.

WE CONCUR:


SANCHEZ, ACTING P. J.


SCOTT, J.